SABA, Admr. v. CLEVELAND TRUST CO. et

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7204-06.   Decided May 24, 1926

573. GIFTS—1. Where delivery of bank books and signed withdrawal slips is made by decedent in apprehension of death, this is sufficient to constitute a valid gift without an assignment or transfer in writing.

2. Where statement made by decedent is not accompanied by any condition or contingency, such as death; and on trial the interpreter unwittingly connects the decedent's statement with the contingency of death immediately following her illness, this discrepancy in no way destroys the legal effect of a gift, but only ascribes to the transaction an element belonging to gifts causa mortis or gifts inter vivos.

SULLIVAN, J.

N. Saba, as administrator of the estate of Fareeda Saba, deceased, instituted this action originally in the Cleveland Municipal Court, the question being whether or not certain monies deposited in the Cleveland Trust Co., the Union Trust Co. and the Guardian Savings & Trust Co. by the decedent, is the property of Susan Stephan, a sister of the decedent, or whether it is the property of the estate.

A deep affection existed between the sisters and it seems, as disclosed by the record, that the decedent apprehending death, delivered to Stephan her bank books and certain bank slips for withdrawals of deposits and at the same time in the presence of another sister, accompanied this act with a statement that expecting death to end her illness, the money in the banks as represented by the bank books was her property.

The lower court rendered judgment in favor of the banks and the administrator prosecuted error. The Court of Appeals held:

1. The statement of the decedent was unaccompanied by any condition or contingency such as death, until, as shown by the record, the interpreter, during the trial, connected her statement with the contingency of death immediately following her illness.

2. This apparent discrepancy does not however destroy the legal effect of the gift, but only ascribes to the transaction an element belonging to gifts cause mortis or gifts inter vivos.

3. Although the transaction smacks of a gift, a gift cause mortis and a gift inter vivos, there is no doubt but that all the legal elements of a transfer of personal property by delivery and acceptance exist.

4. The statement made by the decedent is unequivocal and the symbolic delivery by her and the acceptance of the bank books in each case by the donee is beyond doubt.

5. When the decedent signed her name to the order slip the transaction was complete and equivalent to an unqualified surrender of dominion and control.

6. This transaction was a sufficient delivery to constitute a valid gift of the deposits and an assignment or transfer in writing was unnecessary. 58 OS. 218.

Judgment affirmed.

(Levine, PJ., and Vickery, J., concur.)

Attorneys—Preusser & Morris for Saba; Mooney, McCormack, Roth & Pollack; Sawyer, Cummings & Sawyer, and Gates & Chenoweth and F. K. Pickering for defendants in error; all of Cleveland.