**SMITH, Co–Exr., Appellant,**

v.

**SHAFER, Co–Exr., Appellee.**

[Cite as *Smith v. Shafer* (1993), 89 Ohio App.3d 181.]

Court of Appeals of Ohio,
Logan County.

No. 8–93–5.

Decided Aug. 18, 1993.

*Walter L. White,* for appellant, Sarah L. Smith.
*Howard A. Traul II,* for Estate of Mary Hoy.
*Steven R. Fansler,* for appellee, Sharyl Shafer.

HADLEY, Judge.

This is an appeal by co-executor, plaintiff-appellant, Sarah L. Smith ("Smith"), from the judgment of the Court of Common Pleas of Logan County, Probate Division, in favor of co-executor, defendant-appellee, Sharyl Shafer ("Shafer").

On November 15, 1990, Smith and Shafer were duly authorized to act either jointly or individually as attorneys in fact for Mary Hoy (hereinafter "Mary") in all matters.

Mary suffered a stroke on November 6, 1990. After being released from the hospital on November 15, 1990, Mary went to stay with Smith until the latter part of December. While Mary was staying at Smith's residence, she instructed Smith to go to her house and remove two passbooks from her bedroom dresser drawer. Upon Smith's return with the two passbooks, she gave them to Mary. Mary then allegedly gave the two passbooks back to Smith and stated, "this is for you."

Smith then used her authority as attorney in fact to withdraw the money from the two passbooks prior to Mary's demise. After Mary's death, the attorney for Mary's estate requested the return of the funds from these two passbook accounts. Smith then filed a complaint in the Probate Court of Logan County, styled "Action Asking Direction and Judgment of the Court," pursuant to R.C. 2107.46.[1] After a bench trial, the probate court found that the passbooks were

---

1. R.C. 2107.46 states:

not a gift to Smith and ordered her to return the money to the estate. It is from this judgment that Smith appeals and asserts the following sole assignment of error:

"The court erred in not finding the presentation of the passbooks from the decedent, Mary Hoy, to the plaintiff was a gift given during the lifetime of the decedent."

Smith argues that delivery of the passbooks along with Hoy's statement "this is for you" is sufficient evidence to constitute a valid *inter vivos* gift, even though she held a fiduciary relationship as attorney in fact for Mary.

An *inter vivos* gift is an immediate, voluntary, gratuitous and irrevocable transfer of property by a competent donor to another. *Saba v. Cleveland Trust Co.* (1926), 23 Ohio App. 163, 165, 154 N.E. 799, 800. The delivery to the donee of a deposit book issued by a savings bank with the intention to give the donee the deposits represented by the book and accompanied with the appropriate words of a gift is sufficient to constitute a valid gift of such deposits, without an assignment in writing. *Polly v. Hicks* (1898), 58 Ohio St. 218, 50 N.E. 809.

The burden of showing that an *inter vivos* gift was made is on the donee by clear and convincing evidence. *In re Fife's Estate* (1956), 164 Ohio St. 449, 456, 58 O.O. 293, 297, 132 N.E.2d 185, 190. Where a fiduciary or confidential relationship exists between the donor and the donee, the transfer is regarded with suspicion that the donee may have brought undue influence to bear upon the donor. Therefore, a presumption arises and the donee bears the burden of going forward with proof of the validity of the gift while the party attacking the gift retains the ultimate burden of proving undue influence by clear and convincing evidence. *Willis v. Baker* (1906), 75 Ohio St. 291, 79 N.E. 466.

In the case *sub judice*, the record does not establish by clear and convincing evidence that Hoy intended an *inter vivos* gift to Smith. As Smith bears the burden of proof to establish the validity of the gift, the probate court did not err in finding that it was not a valid gift. Consequently, Smith's sole assignment of error is overruled and the judgment of the probate court is affirmed.

*Judgment affirmed.*

Evans, P.J., and Thomas F. Bryant, J., concur.

---

"Any fiduciary may maintain an action in the probate court against creditors, legatees, distributees, or other parties, and ask the direction or judgment of the court in any matter respecting the trust, estate, or property to be administered, and the rights of the parties in interest."