OPINION
This appeal arises from the Columbiana County Court of Common Pleas judgment granting Appellee, Alexander F. Kovshovik, declaratory judgment against Appellants, Olga Mandik, Iwan Kovshovik, Svetlana Makarevich, Aleksandr Kovshovik, Zinaida Huzel aka Zinaida Guzel, Vasiliy Mandik and Sergey Kovshovik. The judgment declares that Walter Koch, deceased, as a matter of law made an inter vivos gift of certain monies to Appellee. For the following reasons, the trial court judgment is affirmed.
Appellee, his wife Elena Kovshovik and their children resided with Walter Koch, Appellee's uncle, until his death on July 3, 1995. During their entire residence with Koch, Appellee performed maintenance and upkeep chores, while his wife assumed household duties. Several years prior to his death, Koch was diagnosed with cancer and had surgery to remove part of his colon. Appellee and his family cared for Koch after the surgery.
Prior to his surgery, Koch executed a general durable power of attorney naming Appellee and his wife as attorneys in fact. Koch had also executed a will providing that Appellee and relatives in Belarus, including Appellants, share in Koch's estate. In addition, Koch's will named Appellee as executor.
On June 27, 1995, Koch stated to Appellee that he wanted Appellee to have all of his money. Koch directed Appellee to use the power of attorney to transfer all of Koch's bank accounts into Appellee's name. Appellee's wife and a friend, Sheila Blake, were present when Koch made those statements.
On June 28, 1995, Koch was admitted to the hospital for what became his final illness. On June 30, 1995, Appellee converted all of Koch's bank accounts into his name and on July 3, 1995, Koch died.
On May 17, 1996, Appellee filed a complaint for declaratory judgment against Appellants, who are residents and citizens of Belarus. Appellee sought a declaration that the events of June 27, 1995, constituted a valid gift from Koch to Appellee. Prior to trial, Appellants filed a motion in limine seeking that hearsay concerning Koch's statements pertaining to a gift to Appellee be limited to use on rebuttal according to Evid.R. 804 (B) (5). The trial court denied the motion, citing Bolles v. Toledo Trust Co. (1936), 132 Ohio St. 21 where the Ohio Supreme Court ruled that hearsay statements of a donor are admissible to show donative intent.
At trial, Appellee, his wife and Ms. Blake, all testified that Koch told Appellee to transfer all of his money into Appellee's name. Appellants made a timely objection to the Kovshoviks' testimony only.
In a judgment entry filed July 28, 1997, the trial court found that as a matter of law, Koch made a valid inter vivos gift of his money to Appellee. On August 14, 1997, Appellants filed their notice of appeal.
Appellants' first assignment of error alleges:
 "THE TRIAL COURT ERRED IN ADMITTING THE TESTIMONY OF SHEILA BLAKE, ELENA KOVSHOVIK AND ALEXANDER F. KOVSHOVIK REGARDING ALLEGED STATEMENTS MADE BY THE DECEDENT, WALTER KOCH, ON JUNE 27, 1995 CONCERNING MAKING A GIFT TO ALEXANDER F. KOVSHOVIK."
In our review of this assignment of error, we note that a trial court has broad discretion in the admission of evidence and its decision will not be overturned absent an abuse of discretion.State v. Combs (1991), 62 Ohio St.3d 278, 284; Metaullics Sys.Co. L.P. v. Molten Metal Equip. Innovations, Inc. (1996),110 Ohio App.3d 367, 372. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."State v. Adams (1980), 62 Ohio St.2d 151, 157 citing Steiner v.Custer (1940), 137 Ohio St. 448.
Appellants argue that Evid.R. 804 (B) (5) controls the admissibility of evidence of Koch's statements directing Appellee to transfer Koch's bank accounts into Appellee's name. Appellants also argue against the applicability of Bolles v. Toledo TrustCo., supra, as it is distinguishable from the present case and as it pre-dated the Ohio Rules of Evidence.
"`Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801 (C) Hearsay is inadmissible subject to certain exceptions. Evid.R. 802. One exception is found in Evid.R. 804 (B) (5). This rule provides that the hearsay statement of a decedent is admissible if the decedent's estate or personal representative is a party and the statement is offered to rebut the testimony of an adverse party with respect to a matter within the knowledge of the decedent. Evid.R. 804 (B) (5).
By its own terms, this exception does not apply to the present case. Here, Appellant presented evidence of Koch's statement by direct examination of his witnesses. Evid.R. 804 (B) (5) applies only to rebuttal testimony. See, Eberly v. A-P Controls, Inc.
(1991), 61 Ohio St.3d 27, paragraph one of the syllabus. Secondly, Appellee was a party to this action only in his individual capacity, not as the representative of Koch's estate.
Furthermore, the law as stated in Bolles v. Toledo Trust Co.,supra, has been changed by the adoption of the Rules of Evidence. The Bolles court considered hearsay statements of a decedent in order to establish donative intent. See, Id., paragraph 6 of the syllabus. However, such practice conflicts with the more recently adopted Ohio Rules of Evidence. Specifically, the tenet of Bolles
allowing testimony of a decedent's statements directly contradicts the rules governing hearsay as found in Article VIII of the Rules of Evidence. Thus, Bolles, with respect to the admissibility of a decedent's statements, is no longer good law.
The Rules of Evidence apply to proceedings in Ohio courts subject to several exceptions, none of which apply to the present case. Evid.R. 101. These rules themselves state that the principles of Ohio common law are to supplement the Rules of Evidence unless the rules "clearly indicate" that a departure from common law was intended. Evid.R. 102.
As demonstrated in Evid.R. 801 (C) and 802, the rules indicate an intent not to admit hearsay statements subject to certain limited exceptions. The only exception which could possibly allow for the admission of the statements attributed to a deceased donor is that found in Evid.R. 804 (B) (5) which permits such hearsay evidence only when the estate or personal representative of the decedent is a party and only to rebut an attack upon the decedent. As earlier stated, neither of these conditions applies here.
Despite the fact that the hearsay statements concerning Koch's gift to Appellee should have been excluded under Evid.R. 804 (B) (5), this assignment of error was not properly preserved for our review by Appellants. A party waives objection to hearsay testimony by failing to object with reasonable promptness. Amiev. General Motors Corp. (1980), 69 Ohio App.2d 11, 14.
In the present case, Appellants allowed testimony as to this hearsay evidence at trial without objection. Appellee's first witness, Sheila Blake, testified that: "* * * [Koch] said to [Appellee] `I want you to go to the bank and I want you to get my money, I want you to have it. I want you to have all my money.'" (Tr. 18.) Ms. Blake further testified: "[Koch] said that he wanted [Appellee] to get his money again, and he said he knows — he said "I know that it's not in the Will, I want you to have my money.'" (Tr. 18-19.) After she stated that she observed the power of attorney document, the following exchange occurred between Ms. Blake and Appellee's counsel:
"Q. Did [Koch] mention [the power of attorney] to you?
 "A. Yes, he said that, when [Koch] said he wanted [Appellee] to go to the bank to get his money, [Koch] said, "You have the power of attorney, you have all the papers, I want you to go to the bank.
"Q. And when did this gift occur?
 "A. He wanted him to go to the bank the next day. He said, `I want you to go to the bank tomorrow and get the money.'"
(Tr. 20.)
It was not until after all of the foregoing testimony of Ms. Blake was on the record that Appellants' counsel objected. Upon making this initial objection to Ms. Blake's hearsay evidence, Appellants' counsel stated he believed an objection to the hearsay evidence was made for the record by virtue of his prior Motion in Limine which was overruled by the court. (Tr. 21.) Appellants' counsel was mistaken in this belief. "[F]ailure to object to evidence at the trial constitutes a waiver of any challenge, regardless of the disposition made for a preliminary motion in limine." State v. Grubb (1986), 28 Ohio St.3d 199, 203. "Further, when a question is asked and answered without objection, the error, if any, will be considered to have been waived." State v. McDonald, (1970) 25 Ohio App.2d 6, 11. Therefore, the trial court committed no error when it admitted the hearsay evidence by way of testimony proffered by Ms. Blake.
As regards the trial court's admission of the testimony of Appellee and his wife, we note that the trial court overruled Appellants' timely objection to the Kovshoviks' hearsay testimony regarding Koch's statements concerning the gift to Appellee. This testimony should have been excluded under Evid.R. 804 (B) (5). However, the Kovshoviks' testimony was merely cumulative of Ms. Blake's testimony, which we have determined was properly admitted. Both Appellee and his wife testified that Koch desired that Appellee have all of his money and that Appellee should use the power of attorney to transfer the accounts. (Elena Kovshovik; Tr. 51-53: Appellee; Tr. 103-108.) The erroneous admission of inadmissible hearsay that is cumulative to properly admitted testimony constitutes harmless error. State v. Williams (1988),38 Ohio St.3d 346, 352-252.
We find no abuse of discretion by the trial court in admitting this testimony at trial and hold that Appellants' first assignment of error has no merit.
Appellants' second assignment of error alleges:
 "THE TRIAL COURT ERRED IN DETERMINING THAT A GIFT HAD BEEN MADE BECAUSE THE APPELLEE FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT A GIFT WAS MADE, AS ALLEGED; THE APPELLEE FAILED TO OVERCOME THE PRESUMPTION THAT THE ALLEGED GIFT TRANSACTION WAS FREE FROM UNDUE INFLUENCE; AND THE APPELLEE FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT THE ALLEGED GIFT TRANSACTION WAS FAIR AND VALID."
A court of appeals will not reverse the judgment of the trial court if that decision is supported by competent credible evidence going to all of the essential elements of the case. C.E.Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279,280. In addition, we are guided by the presumption that the findings of the trial court are correct; the trial judge is in the best position to view the witnesses and observe their demeanor, gestures and voice inflections and to use such observations in weighing the credibility of the testimony.Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 79.
The criteria for establishing an inter vivos gift are well-established.
 "The essentials of a valid gift inter vivos are (1) an intention on the part of the donor to transfer the title and right of possession of the particular property to the donee then and there and (2), in pursuance of such intention, a delivery by the donor to the donee of the subject-matter of the gift to the extent practicable or possible, considering its nature, with relinquishment of ownership, dominion and control over it."
Bolles v. Toledo Trust. Co., supra, paragraph one of the syllabus. An inter vivos gift must be established by clear and convincing evidence. Bolles v. Toledo Trust. Co., paragraph two of the syllabus. Ohio courts have held that delivery of a deposit book representing money held by a savings bank, together with appropriate words of donative intent, is sufficient to construe a valid gift of such funds. Smith v. Shafer (1993), 89 Ohio App.3d 181,183 citing Polly v. Hicks (1898), 58 Ohio St. 218. Ohio courts have also held that:
 "Where a fiduciary or confidential relationship exists between the donor and the donee, the transfer is regarded with suspicion that the donee may have brought undue influence to bear upon the donor. Therefore, a presumption arises and the donee bears the burden of going forward with proof of the validity of the gift while the party attacking the gift retains the ultimate burden of proving undue influence."
Smith v. Shafer at 183 citing Willis v. Baker (1906), 75 Ohio St. 291.
In the matter before us, the trial court heard evidence of Koch's intent to make a gift to Appellee. As already stated, Sheila Blake, an uninterested witness, testified that Koch directed appellee to transfer his accounts to Appellee under the power of attorney earlier signed by Koch. (Tr. 18.) The trial court specifically noted that Blake had no interest in the matter. (J.E. 5.) The court also stressed that Koch's expression to Appellee, as corroborated by three witnesses, indicated "* * * how a lay person, unschooled in the legal terminology necessary to formally establish a gift * * *" would express his donative intent. (J.E. 5-6.) Ms. Blake's testimony alone constitutes competent and credible evidence of donative intent.
With respect to the delivery of the subject matter of the gift, Appellee retrieved and delivered bank certificates to Koch upon his request. (Tr. 105.) After reviewing the documents, Koch returned them to Appellee with instructions to use his power of attorney to transfer the accounts into his name. (Tr. 106.) Appellee also identified the certificates at trial as the ones he delivered to Koch. (Tr. 105-106.) Such a delivery and instructions constitute a valid gift. See, Smith v. Shafer,supra.
We also note that as Appellee was attorney in fact for Koch, they shared a confidential relationship. As such, Appellee was obligated to show proof of the validity of the gift, while Appellant retained the ultimate burden of proving undue influence. See, Smith v. Shafer, supra. Our analysis has already demonstrated that Appellee offered evidence of a valid gift. However, Appellants offered no proof of undue influence; they called no witnesses nor offered any evidence. Rather, Appellants merely relied on the cross examination of Appellee's witnesses to attempt to refute Appellee's claim.
Appellants' second assignment of error lacks merit. Therefore, we affirm the decision of the trial court.
Cox, P.J., concurs in judgment only.
Donofrio, J., concurs in judgment only; see concurring in judgment only opinion.
APPROVED:
 __________________________________ CHERYL WAITE, JUDGE