JOURNAL ENTRY AND OPINION
Defendant-appellant George Polowyk, Executor, Etc., et al., appeals the judgment of the trial court invalidating the transfer of a one-half interest in a residence from Eugene Fik to Helen Polowyk (appellant). George Polowyk is the husband and executor of the Estate of Helen Polowyk.
On October 12, 1989, Eugene Fik issued to plaintiff-appellee Chrystine Romaniw-Dubas (appellee), who was his niece, a power of attorney. On March 20, 1990, Fik received an undivided one-half interest in his residence as a result of the death of his wife. On March 27, 1990, Fik conveyed to himself and to appellee, via a survivorship deed, title to the residence. Two years later, on March 10, 1992, Fik transferred his own one-half interest in the residence to his sister Helen Polowyk, leaving appellee and appellant as co-owners of the residence.
A year later, Fik was placed in the Castle Nursing Home in Holmes County, Ohio. Appellee, through her power of attorney, filed a medicaid application in Holmes County because Fik had insufficient funds to pay for the nursing home care. In a letter dated August 5, 1993, the Holmes County Department of Human Services advised appellee that Fik's transfer of his interest in his residence to appellant was improper because it occurred less than thirty (30) months before Fik was institutionalized. The letter stated Fik's eligibility for medicaid benefits would cease August 31, 1993, unless legal action was taken before then to recover Fik's interest in the residence.
On July 20, 1993, appellee sent a letter to appellant requesting that her interest in the property be transferred back to appellee in order to comply with the medicaid requirements. Appellant did not respond to this letter. Thereafter, appellee filed a COMPLAINT TO RECOVER REAL PROPERTY FOR APPLICANT'S ESTATE FOR MEDICAID ELIGIBILITY. Appellant answered the complaint and denied all allegations. She also asserted a counterclaim against appellee complaining appellee had wrongfully excluded her from her legal right of possession of her one-half interest in the residence. Appellee filed a motion for summary judgment arguing there were no genuine issues of material fact regarding the need for appellant to transfer her one-half interest in the residence back to Fik so that his medicaid eligibility could be confirmed. Appellant filed a brief in opposition to appellee's motion for summary judgment. Appellant argued the mere fact that Fik's medicaid eligibility may be terminated does not invalidate the valid transfer of Fik's one-half interest to her. The trial court denied appellee's motion for summary judgment.
On June 10, 1996 a magistrate issued a decision which found that Fik's transfer of his one-half interest in the residence to appellant was improper and that appellant was not entitled to any damages for wrongful exclusion. The magistrate then vacated the quit-claim deed which transferred Fik's one-half interest in his residence to appellant.
Despite objections to the magistrate's decision filed by appellant, the trial court adopted the findings of the magistrate. Appellant timely appealed the trial court's adoption of the magistrate's findings and now presents a single assignment of error. Appellant's assignment of error states as follows:
 THE TRIAL COURT ERRED IN AFFIRMING THE MAGISTRATE'S DECISION BECAUSE SUCH DECISION MISAPPLIED THE LAW THAT AN IMPROPER TRANSFER FOR THE PURPOSES OF MEDICAID ELIGIBILITY ALSO VOIDS THE TRANSFER; THE TRIAL COURT FAILED TO CONSIDER THE IMPACT OF AN IMPROPER TRANSFER FOR MEDICAID ELIGIBILITY PURPOSES AND LACKED AUTHORITY TO SET ASIDE THE TRANSFER TO APPELLANT.
Appellant argues there was no evidence presented which demonstrated Fik's transfer to her was improper or that Fik consummated the transfer while incompetent. Appellant claims the law concerning medicaid eligibility does not affect the transfer and does not provide any authority to set aside the transfer. Further, appellant contends the magistrate's finding that she failed to provide evidence to overcome the presumption that Fik conveyed the property in order to qualify for medicaid eligibility is unsupported by law. Appellant maintains nothing in the medicaid law suggests that an improper transfer amounts to a fraudulent transfer. She argues assets are transferred all the time for a variety of reasons including tax purposes, avoiding probate, and providing gifts. Moreover, she contends even if the transfer was improper Fik would only face a period of restricted coverage and would not be deprived of assistance indefinitely.
When the trial court's discretionary decision is based on a misconstruction of the law that decision will not be accorded the deference that is usually due to the trial court, but instead will be reviewed de novo; it is appropriate for an appellate court to substitute its judgment for that of the trial court where matters of law are involved. Castlebrook v. Dayton Properties Limited Partnership (1992), 78 Ohio App.3d 340.
The trial court adopted the magistrate's decision which vacated Fik's quit claim transferring his one-half interest in his residence to appellant. The magistrate's decision was based on an application of R.C. 5111.011, Public Assistance Manual Section 7412.5, and 42 U.S.C.A. S 1396p to the facts. The magistrate vacated the deed transfer between Fik and appellant because: (1) the residence was transferred to appellant for less than fair market value, (2) appellant had no equity interest in the residence, (3) appellant did not live at the residence for a year prior to Fik being institutionalized, and (4) appellant offered no evidence to rebut the presumption that Fik transferred his interest in the house to her in order qualify for medicaid. These four findings support the trial court's determination that the transfer of Fik's one-half interest in his home to appellant violated the statutory guidelines which govern medicaid eligibility.
However, merely because Fik's transfer of his interest to appellant was improper as to Fik's medicaid application does not also mean the transfer between Fik and appellant was improper as a real estate transaction.
Under some circumstances a court may reform a deed when it finds by clear and convincing evidence that the parties were mutually mistaken regarding the contents of the deed. Castle v. Daniels (1984), 16 Ohio App.3d 209, 212. Reformation makes a writing express the agreement that was intended by the parties. Id.Appellant does not assert mutual mistake of fact, and even if she did she would not likely prevail because the unintended consequences of the transfer for less than fair market value is not the kind of mistake of fact that renders the transfer of a deed a nullity. This is nothing more than a gift that Fik now realizes has unintended negative consequences to him. But these unintended consequences have nothing to do with the validity of the deed transfer at the time he deeded the half-interest in the property to appellant.
At a minimum, Fik's conveyance of his half interest in the residence constituted an inter vivos gift. The essential elements of an inter vivos gift are (1) intent of the donor to make an immediate gift, (2) delivery of the property to the donee, and (3) acceptance of the gift by the donee. Bolles v. Toledo Trust Co. (1936), 132 Ohio St. 21. Once an inter vivos gift is perfected by delivery (in this case, by recording the new deed), the gift is irrevocable. Smith v. Shafer (1993), 89 Ohio App.3d 181, 183. The exception to the rule of irrevocability concerns fraud, duress, or undue influence, none of which were alleged or proven in this case. There is no question that Fik intended to transfer his half interest as a gift, for he did so without consideration. He certainly delivered the deed by handing it over to appellant. And appellant has certainly accepted the deed. Absent any allegation of fraud or duress, appellee cannot prevail in her quest to rescind the deed merely by relying on the unintended consequence that Fik's medicaid application had been rejected.
Lastly, even if the medicaid issue were somehow germane to the validity of the deed, the court's decision to exercise its equitable jurisdiction was improvident. The cardinal maxim of equity jurisprudence, that he who comes into equity must come with clean hands, requires that the party seeking equitable relief not be guilty of reprehensible conduct with respect to the subject matter of the suit. Basil v. Vincello (1990), 50 Ohio St.3d 185,190. Assuming Fik transferred the property to appellant for the purpose of shielding his assets from medicaid, that transfer demonstrates his own fraud contributed to the medicaid ineligibility. Looking at the evidence objectively suggests that the granting of a half interest in his residence to appellant, before his application for medicaid, was an attempt to pay down his estate in order to avoid turning over assets to medicaid. Fik cannot now seek the protection of equity when his own affirmative act spawned the litigation.
Based on the foregoing analysis, we find the trial court erred in adopting the magistrate's report which incorrectly found that the transfer of Fik's one-half interest in his residence to appellant was improper. We find Fik's transfer of his one-half interest in his residence to appellant was proper. Accordingly, appellant's sole assignment of error is sustained.
It is ordered that appellants recover of appellee their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
TIMOTHY E. McMONAGLE, P.J. KENNETH A. ROCCO, J., CONCUR.
JOHN T. PATTON, JUDGE