OPINION
Larry Troutwine is appealing the judgment of the Darke County Court of Common Pleas, Domestic Relations division, which set off $40,000 of the value of the parties' 82 acre farm as the separate property of Yolanda Troutwine.
Larry Troutwine and Yolanda Troutwine[1] were married in 1974 and, at the time, lived with Yolanda's aunt, Gladys Richards. In 1978, Ms. Richards died, and Yolanda inherited the real estate where the parties had resided from her aunt. The real estate consisted of approximately 82 acres of land in Harrison Township, Darke County, Ohio. In 1981, Yolanda executed a joint and survivorship deed placing the property in both her and Larry's names. Since 1981, the parties have jointly mortgaged the property, used marital monies to pay for real estate taxes and insurance premiums, and effectuated numerous repairs, additions, and improvements to the property. The value of the property at the time Yolanda inherited it was determined to be $80,000. The magistrate determined that the value of the property at the time of the divorce was $170,000.
The magistrate determined that the real property was clearly traceable to Yolanda's inheritance, but that Yolanda had made a gift of a one-half interest in the property to Larry. Therefore, the magistrate determined that Yolanda had converted the entire real estate from her separate property to marital property, and thus that it should be divided equally. Objections to the magistrate's opinion were filed with the trial court. The trial court determined that the magistrate had erred, and that Yolanda had only gifted one-half of her original interest in said property and, therefore, retained one-half of the property as her separate property. However, the trial court determined that Larry had contributed to the property and was entitled to one-half of the appreciation of the property. Therefore, the court ordered that one-half of the value of the property at the time of inheritance be awarded to Yolanda as her separate property, $40,000, and the remaining value of the property, $130,000, be divided equally as marital property. Larry has filed this appeal from this judgment.
Larry raises the following sole assignment of error:
 "THE TRIAL COURT ERRED IN DETERMINING THAT [YOLANDA] HAD A NON-MARITAL INTEREST IN THE PARTIES' REAL ESTATE IN THE AMOUNT OF $40,000."
Larry asserts that the trial court erred in determining that Yolanda had only gifted a one-half interest in the property to be marital property, as the deed and testimony at trial reflected that she intended to gift her entire interest in the property. We agree.
A trial court exercises broad discretion when making an equitable division of marital property and awarding spousal support. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 218. Therefore, a trial court's decision on these matters will not be overturned absent an abuse of discretion. Id. An abuse of discretion amounts to more than a mere error of judgment, but implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Id. at 219. Appellate "review of the trial court's classification of property as marital or separate is limited to whether that determination is supported by the manifest weight of the evidence." Marcum v. Marcum (1996),116 Ohio App.3d 606, 613.
R. C. 3105.171(B) provides that "[i]n divorce proceedings, the court shall, and in legal separation proceedings upon the request of either spouse, the court may, determine what constitutes marital property and what constitutes separate property." An inheritance received by one spouse during the course of the marriage is separate property and "[t]he commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the property is not traceable." R.C. 3105.171
(A)(6)(a)(i)(b).
In enacting R.C. 3105.171, the legislature clarified that the form of ownership was not a determinative factor in distinguishing marital property from separate property. Price v. Price, Geauga App. No. 2000-G-2320, 2002-Ohio-299, at ¶ 27. The major means for determining whether an asset is separate or marital property is the traceability of the asset. Id. The party who is attempting to prove that the asset is traceable separate property must prove the traceability by the preponderance of the evidence. Id. at ¶ 23.
This Court in Helton v. Helton set forth the following applicable law:
 "We recognize as a threshold principle that "spouses can change separate property to marital property based on actions during the marriage." Moore v. Moore
(1992), 83 Ohio App.3d 75, 77, 613 N.E.2d 1097, 1099. The most commonly recognized method for effecting this change is through an inter vivos gift of the property from the donor spouse to the donee spouse. The essential elements of an inter vivos gift are "(1) an intention on the part of the donor to transfer the title and right of possession of the particular property to the donee then and there and (2) in pursuance of such intention, a delivery by the donor to the donee of the subject-matter of the gift to the extent practicable or possible, considering its nature, with relinquishment of ownership, dominion and control over it." Bolles v. Toledo Trust Co. (1936), 132 Ohio St. 21, 7 O.O. 60, 4 N.E.2d 917, paragraph one of the syllabus. Further, "[a]n inter vivos gift is an immediate, voluntary, gratuitous and irrevocable transfer of property by a competent donor to another." Smith v. Shafer (1993), 89 Ohio App.3d 181, 183, 623 N.E.2d 1261, 1263, citing Saba v. Cleveland Trust Co. (1926), 23 Ohio App. 163, 165, 154 N.E. 799, 800. The donee has the burden of showing by clear and convincing evidence that the donor made an inter vivos gift. Id., citing In re Fife's Estate (1956), 164 Ohio St. 449, 456, 132 N.E.2d 185, 190; see Bolles, at paragraph two of the syllabus." (1996), 114 Ohio App.3d 683, 685-686.
Although separate property can be transformed by a grantor spouse into marital property by a gratuitous transfer of a present interest in the property, the mere fact that the title to property is held in a form of co-ownership does not determine whether the property is marital or separate property. Id.
In Helton, the court of appeals found that the entire property had been transferred into marital property by the grantor spouse executing a joint and survivorship deed in both spouses' names rather than simply one-half of the property. Id. Additionally, several other Ohio appellate court cases, when debating whether a spouse had made a gift of separate property by placing separate property in the title of both spouses, have stated that the entire property was either separate property or marital property, not just one-half of the property being transferred into marital property. Schell v. Schell (June 16, 1992), Clark App. No. CA 2876 (holding that the property was separate where there was no donative intent because the deed was executed in order to obtain a mortgage); Geuyv. Geuy (May 1, 1998), Champaign App. No. 97-CA-22 (holding that the property was separate property because there was no donative intent as the deed was executed in order to obtain refinancing on the home); Sweeneyv. Sweeney (June 21, 2000), Summit App. No. 19709 (holding that the property was separate as the spouse had no donative intent where the deed was executed to provide for their child in the event of the spouse's demise).
In the instant case before us, both the trial court and the magistrate acknowledged that the real estate was undoubtedly traceable to Yolanda's inheritance, which was separate property. Therefore, if Yolanda had never executed the joint and survivorship deed, the real estate would clearly be her separate property, with the exception of appreciation due to Larry's contributions. Additionally, the issue before us is not whether Yolanda had any donative intent in executing the joint and survivorship deed, because the trial court already determined that Yolanda had a donative intent as to at least one-half of the real estate in executing the deed, and Yolanda has not filed an appeal from this judgment. Therefore, the limited issue before this court is whether the trial court abused its discretion and was against the manifest weight of the evidence in determining that Yolanda only made an inter vivos gift of one-half of the property rather than an inter vivos gift of the entire property.
The following evidence was presented regarding Yolanda's intent when creating the joint and survivorship deed. Yolanda testified before the magistrate that she executed the joint and survivorship deed because she wanted to share the property with her husband because she thought that by doing so he would take a greater interest in farming the land. (Tr. 59-60). Yolanda admitted that she executed the deed against the advice of her attorney and made no effort to change the deed later. (Id. at 59-61.) In a deposition entered at trial, Yolanda stated that she had intended to give Larry an interest in the property by executing the deed. (Id. at 61-62). Moreover, Yolanda acknowledged that she knew that if she had died the property would have gone to Larry. (Id. at 62-63). However, Yolanda also stated that she wanted the property to go to her only child. (Id. at 61).
Having reviewed the evidence, we cannot agree with the trial court that Yolanda had the donative intent to transfer only one-half of the property into martial property. Yolanda's testimony that she wanted to share what she had with her husband and that she knew upon her death the property would be solely in Larry's name indicates that more than just one-half of the property was transferred to marital property. Further, the cross-examination questioning and Yolanda's answers before the magistrate referred to the entire property, not just one-half of the property. Also, Yolanda would not have been able to sell one-half of the property without Larry's approval; thus, she lost dominion and control over the entire property by executing the deed, rather than just one-half. Moreover, Yolanda was counseled against executing the deed by her attorney, but did so anyway. Finally, in Helton, Sweeney, Geuy, andSchell, the courts found that the entire property became marital property if a party was found to have donative intent in executing a joint survivorship deed. Based on these cases and the testimony before the magistrate, we find the trial court's conclusion that only one-half of the property was transferred into marital property to be against the manifest weight of the evidence and an abuse of discretion. Larry's assignment of error is sustained.
However, a reviewing court must consider a property division in a divorce within the context of the entire award. James v. James (1995),101 Ohio App.3d 668, 680. Therefore, the matter will be remanded to the trial court for a review of this decision in the context of the entire award as this Court's decision may impact the reasonableness of the remainder of the award. The trial court is still free to set off any amount of Larry's property to Yolanda to satisfy Larry's support obligation.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.
BROGAN, J. and GRADY, J., concur.
[1] In the interests of clarity, the parties will hereinafter be referred to by their first names.