## ALBRECHT *v.* FISCHER ET AL., EXRS.

*Wills* — *Construction* — *Advancements or gifts* — *Unnecessary* **to** *recover and redistribute sums, when* — *Interest on money advanced.*

1. A testator during his lifetime having given to his children unequal sums of money provided in his will, "I direct that anything I may have given to my children either in money or property shall be considered as advancements and not as gifts." By such provision testator intended to divide his estate equally among all his children, and the money or property already received by the children should not be recovered into the estate and redistributed but should be treated as advancements and charged against the interest of each of the children in the estate.

2. The sums thus received by the children as advancements were irrevocable gifts and can not be charged with interest, even though testator took interest-bearing notes from some of the children for the sums given.

(Decided May 16, 1921.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Herman P. Goebel,* for plaintiff in error.

*Mr. Frederick Hertenstein; Mr. Frank F. Dinsmore* and *Messrs. Bettinger, Schmitt & Kreis,* for defendants in error.

CUSHING, J. Albert Fischer died testate February 22, 1918, survived by seven children, namely: Katie Baum, Louisa Balz, Fannie Meyer, Anna Albrecht, Bertha Spicker, August Fischer and Charles Fischer. His will, dated August 25, 1916, was probated March 12, 1918.

The executors, Charles Fischer and August Baum, brought an action under the statute for a construction of the will and directions to the exec-

utors in the distribution of the estate. The court of common pleas construed the will, and directed the executors how to distribute the estate. This proceeding is prosecuted to reverse that judgment.

Plaintiff in error, Anna Albrecht, contends that Item 4 of the will is neither ambiguous, uncertain nor doubtful; that the court below had no authority to construe the will; that it could not determine whether the Carey stock in question was a gift or an advancement; that the action of the executors was in law an action to recover a money judgment against Anna Albrecht; and that in such action, she would be entitled to a trial by jury. After arguing this theory, counsel proceeds to state in detail what the executors should do under the will, as follows:

The following named children are indebted to the estate in the amounts set opposite their names, for which they should pay or account to the estate with interest: Katie Baum, $9,000, with interest from July 28, 1917; August Fischer, $4,000, with interest from September 1, 1915; Louisa Balz, $10,000, with interest from June 6, 1911; Charles Fischer, $5,000, with interest from June 12, 1916; Charles Fischer, $10,000, with interest from February 1, 1917; Fannie Meyer, $250, with interest from December 27, 1915; Fannie Meyer, $250, with interest from July 7, 1916; Fannie Meyer, $500, with interest from November 28, 1916, and Fannie Meyer, $1,000, with interest from August 17, 1917. That Bertha Spicker should be charged with the rental value of the homestead from the date of the death of Albert Fischer for the time that she and her husband occupied the property; that Louisa Balz should be credited with $900 paid as interest; and that Anna Al-

brecht, having received from her father on December 12, 1905, fifty shares of the capital stock of the Philip Carey Mfg. Company, of the par value of $5,000 as an executed gift, is entitled to receive a one-seventh share of the estate of Albert Fischer, not considering the $5,000 here in question.

Item 3 of the will directs that the executors are to hold, manage and control the estate, and as soon after decedent's death as practicable convert the estate into money, and, after deducting the expense, divide and pay the proceeds in equal shares to his children, Katie Baum, Louisa Balz, Fannie Meyer, Anna Albrecht, Bertha Spicker, August Fischer and Charles Fischer.

The controversy grows out of Item 4 of the will, which reads:

"I direct that anything I may have given to my children either in money or property shall be considered as advancements and not as gifts."

It is not disputed that the children received the amounts herein stated from their father. In making his will, he did not attempt in any manner to change the nature of the property his children had received. His will related only to the estate of which he died seized, and the clause in the will related to the proportions that the executors should distribute to the children out of his estate. The children had received unequal sums. His intention was to divide his estate equally among his children. In using the phrase, money or property that he had given, the word "given" will be held to mean that he was stating that they had received money or property from him, and the use of the language that the gifts should be treated as advancements meant

that the property they had should be held by them, should not be recovered into the estate and redistributed, but should be treated as advancements.

An "advancement" is a term well understood in law to mean an irrevocable gift to a child in anticipation of such child's future share of the parent's estate, to be taken into account on distribution of the estate. In this case, it does not make any difference whether the gifts were absolute, or as loans, the executors were directed to treat all as advancements, and to distribute the estate accordingly.

The transfer to Mrs. Albrecht of the stock, in the form of a gift, and of the real estate to Mrs. Meyer, in the form of a sale, were, no doubt, absolute in themselves, but in the distribution of the estate of which he died seized he had the right to reduce their shares in the amounts they had received, and although at the time the notes referred to were made, they were doubtless made as loans, nevertheless in the distribution of the estate they were to be considered as advancements. In some instances the testator took notes from other of his children and required the payment of interest. The testimony discloses that for one of these notes the money was borrowed from the bank and interest was paid by the child to reimburse the father for the interest he had paid the bank. It is not important to consider the case of *Hicks, Admr., v. Hicks,* 9 C. C., N. S., 413, and what might have been done had an action been brought on these notes, nor is it important to consider that witnesses testified against the executors. Their testimony related only to the amounts received, and what was said with reference to these sums.

The testator by clear and unequivocal language has directed that anything I may have given to my children, either in money or property, shall be considered as advancements. That means that the child took the money as an irrevocable gift, and could not be charged with interest. His intention was that the children should share equally. Therefore, no interest should be charged on any amounts they received from the decedent, and the finding of the court below that the notes of Charles Fischer and August Fischer should not be charged with interest must be applied to the daughters as well.

The provision of this will is not unlike that in the case of *Younce et al.* v. *Flory,* 77 Ohio St., 71, where the testator made the following provision:

"I will to each of my children an equal share in my estate subject to the charges against them in my book of advancements, and to the following provision as to my son John."

The only difference is that in the *Younce case* the testator noted in a book the advancements made, while in the case at bar he directed in his will that the sums the children had received from him should be treated as advancements.

The court of common pleas directed the executors how to distribute the estate and as to the sums to be charged as advancements against the interest of each of the children of decedent.

Finding no error in the record, the judgment of the court below will be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and BUCHWALTER, J., concur.