OPINION
{¶ 1} Defendant-appellant, John Webber, appeals the decision of the Preble County Court of Common Pleas, Domestic Relations Division, valuing and dividing assets in a divorce proceeding. We affirm the domestic relations court's decision.
 {¶ 2} Appellant married plaintiff-appellee, Judith Webber, in September 1975. In May 2000, appellee filed for divorce. The parties had one child together who was emancipated at the time of the filing. The domestic relations court held a divorce hearing on July 24, 2001 and August 21, 2001. In a judgment entry filed February 21, 2003, the domestic relations court granted the divorce and divided the parties' assets.
 {¶ 3} Appellant now appeals the domestic relations court's decision, assigning two errors.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "The trial court erred in choosing a valuation date of August 21, 2000 which did not take into account the depreciation of the parties['] mutual fund account due to the general economic downturn."
 {¶ 6} In this assignment of error, appellant argues that the date chosen by the domestic relations court for valuing the parties' mutual fund resulted in an inequitable division of the fund. While appellant concedes that the domestic relations court had substantial discretion in setting the valuation date, appellant asserts that the domestic relations court abused its discretion.
 {¶ 7} R.C. 3105.171(B) states that the domestic relations court shall determine what constitutes "marital property," and shall divide the marital property equitably between the divorcing parties. R.C.3105.171(A)(3)(a) defines "marital property" as all real and personal property acquired by either party "during the marriage." Pursuant to R.C.3105.171(A)(2), "during the marriage" means whichever of the following is applicable:
 {¶ 8} "(a) Except as provided in division (A)(2)(b) of this section, the period of time from the date of the marriage through the date of the final hearing * * *;
 {¶ 9} "(b) If the court determines that the use of either or both of the dates specified in division (A)(2)(a) of this section would be inequitable, the court may select dates that it considers equitable in determining marital property."
 {¶ 10} The decision to use the final hearing date as the valuation date or another alternative hearing date pursuant to R.C. 3105.171(A)(2)(a) and (b) is discretionary and will not be reversed on appeal absent an abuse of discretion. Schneider v. Schneider (1996), 110 Ohio App.3d 487,493. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} In January 2000, the parties' Fidelity Brokerage Account ("the mutual fund") contained $649,704. Appellant's August 21, 2000 "Affidavit of Income, Expenses, Health Insurance, Financial Disclosure and Child Custody Information" stated that the mutual fund's value was $541,849.59. At the time of the divorce hearing in July and August 2001, the fund's value had fallen to approximately $210,000. The decrease in value of the fund was due to poor market conditions as well as the failure of a tax-free property exchange attempted by appellant. Appellant withdrew approximately $118,000 from the account to pay taxes as a result of the failed exchange.
 {¶ 12} The domestic relations court set a valuation date for the mutual fund of August 21, 2000. The court used the value of the fund as provided by appellant in his August 21, 2000 affidavit, and ordered appellant to pay appellee half of that amount. In setting the valuation date, the court noted that the parties were separated and had been living apart since January 2000. Appellant argued that it was unfair for him to bear the burden of the fund's decline between August 21, 2000 and the time of the hearing. Appellant argued that he could not have protected the fund from decline after August 21, 2000 because a restraining order prevented him from transferring the funds. However, the court stated that appellant could have sought relief from the restraining order, but did not.
 {¶ 13} Appellant argues that it would have been more equitable to value the fund as of the date of the divorce hearing. Appellant argues that appellee should have to share the burden of the mutual fund's decline just as she would have wanted to share in its gain.
 {¶ 14} The domestic relations court's decision to value the mutual fund as of August 21, 2000 did not amount to an abuse of discretion. The de facto termination date of the marriage was at least as early as January 2000, when the parties separated and began living apart. Despite this earlier separation date, the court chose August 21, 2000 as the valuation date, the date appellant submitted his affidavit setting forth the parties' asset values. The court's valuation of the mutual fund did result in appellant bearing a significant part of the fund's losses. However, appellant could have but did not take any action to protect the fund from decline. As the domestic relations court noted, appellant never attempted to seek relief from the restraining order so that he could withdraw or transfer the funds. Appellant had been managing the fund and was aware that the value of the fund was declining. Further, some of the fund's decline was attributable not to market conditions, but to appellant's failed tax-free exchange.
 {¶ 15} After reviewing the record, we do not find an abuse of discretion by the domestic relations court. Appellant's first assignment of error is overruled.
 {¶ 16} Assignment of Error No. 2:
 {¶ 17} "The trial court erred in failing to include one-third of the livable area of the marital residence in the valuation of the parties['] marital residence."
 {¶ 18} In this assignment of error, appellant argues that the domestic relations court abused its discretion in valuing the parties' marital residence. According to appellant, the court erroneously relied on the flawed appraisal of appellee's expert, which, appellant argues, did not take into account one-third of the home's livable area. Appellant also argues that appellee's expert did not take into account the value of a garage/workshop, an aboveground swimming pool, a storage building, and playground equipment.
 {¶ 19} The trial court is vested with broad discretion in fashioning an equitable division of marital property. Donovan v. Donovan (1996),110 Ohio App.3d 615, 620. When valuing a marital asset, a trial court is neither required to use a particular valuation method nor precluded from using any method. Clymer v. Clymer (Sept. 21, 2000), Franklin App. No. 99AP-924, citing James v. James (1995), 101 Ohio App.3d 668, 681. A trial court's valuation will be reversed only for an abuse of discretion. Id. Abuse of discretion means more than an error of law or of judgment; instead, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore, 5 Ohio St.3d at 219.
 {¶ 20} Appellee hired William Daily to appraise the marital residence. Daily testified at the divorce hearing that he is a real estate appraiser licensed by the state of Ohio and approved by the Preble County Probate Court. Daily used a "market approach" to valuing the residence. Daily inspected the premises in July 2001. He then ascertained the selling prices of three similar "tri-level" homes recently sold in Preble County. The three similar homes, which are pictured and described in the appraisal, sold for $120,000, $127,500, and $150,000. Daily's detailed appraisal was entered into evidence as Plaintiff's Exhibit 40. Daily appraised the marital residence at $144,000.
 {¶ 21} Appellant first contends that Daily did not take into account one-third of the home's livable area, specifically three finished rooms "below-grade." Appellant points out that Daily did not include the "below-grade" square footage when stating the total square footage of the house. However, Daily testified that appraisers never use the "below-grade" square footage when stating the total square footage. Daily pointed out that the Fannie Mae appraisal form only asked for the gross living area "above-grade." Daily stated that he nevertheless took into account the "below-grade" finished rooms in valuing the house and in comparing the house to the similar "tri-level" homes. On the appraisal form, Daily noted that the house had three finished rooms "below grade."
 {¶ 22} Appellant also argues that Daily did not take into account the value of a garage/workshop, an aboveground pool, playground equipment, and a storage building. Despite appellant's argument to the contrary, Daily testified that he did take into account the value of the garage/workshop. Daily's appraisal form reflects that he took into account the detached, three-car garage. Daily testified that he did not include the aboveground pool in the appraisal because it was personal property usually not considered in a real estate appraisal. Daily testified that he did not include the playground equipment because the equipment was likely of very little value. Daily testified that he did not take into account the value of the small storage building because the building was "not part of the real estate."
 {¶ 23} Appellant, who stated that he has been in the real estate business for 30 years, testified at the divorce hearing that the value of the real estate alone was $293,000. Including furnishings, the aboveground pool, the playground equipment, lawn care equipment, and outbuildings, appellant testified that the home was worth $354,575. Defendant's Exhibit G showed appellant's calculations in arriving at that figure. Appellant's calculations included $186,900 for the square footage of living area, $1,500 for the value of the playground equipment, $1,500 for the value of a storage barn, $6,500 for the value of lawn care equipment, $2,500 for the value of a hot tub, $20,000 for the lot value, and $8,000 for the driveway value.
 {¶ 24} After thoroughly reviewing the record, we find no abuse of discretion by the domestic relations court in relying on the independent appraisal of appellee's expert rather than appellant's appraisal. Appellant does not present convincing arguments that the valuation method of appellee's expert was invalid or resulted in an inaccurate valuation. Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
Young, P.J., and Valen, J., concur.