{¶ 1} Plaintiff-Appellants Pamela R. Filkens, Michael J. Schwartz, and Jeremy J. Schwartz ("Appellants") appeal from the September 26, 2007 Summary Judgment Entry entered by the Court of Common Pleas, Probate Division, Allen County, Ohio granting Defendant-Appellee Debra J. Schwartz's ("Debra") motion for summary judgment.
 {¶ 2} This case arises out of the administration of the estate of Michael E. Schwartz ("decedent"). Appellants are the natural born children of Michael and his first wife, Judith Schwartz, who predeceased her husband on October 15, 2001. After Judith's death, the decedent married Debra.[1] On October 5, 2005 the decedent executed a Last Will and Testament naming Debra Schwartz as the executrix of his estate. *Page 3 
 {¶ 3} The decedent died testate on March 1, 2006. On March 22, 2006 Debra filed an Application to Probate Will. Various motions were subsequently made to settle the estate.
 {¶ 4} On March 30, 2006 Appellants filed a Complaint to Contest Will and for Declaratory Judgment and for an Accounting and for Money Damages. On April 26, 2006 Debra filed an answer, as well as a counterclaim. Debra's counterclaim alleged that during his life, the decedent had made various monetary loans to the Appellants that they were legally obligated to repay to his estate.
 {¶ 5} Various answers and motions were subsequently filed by both parties. On July 9, 2007 Appellants dismissed their claim without prejudice. Nothing in the record indicates the basis for this dismissal.
 {¶ 6} On July 11, 2007 Debra filed a Motion for Summary Judgment on her counterclaim. Appellants filed a Motion in Opposition on August 3, 2007.
 {¶ 7} On September 26, 2007 the probate court entered a judgment entry granting summary judgment in favor of Debra. Specifically the trial court found as follows:
 Obviously, the decedent considered the payments of money to his three children as loans as he identified such in his Will executed in 2003. The Last Will and Testament of the decedent admitted to Probate in this case does not contain language which provided for forgiveness or discharge of the indebtedness due and owing the decedent at the time of his death from his children nor is there language reflecting that such indebtedness *Page 4 should be considered as an advancement toward their respective inheritances.
 {¶ 8} Appellants now appeal asserting two assignments of error.
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED ON GRANTING SUMMARY JUDGMENT IN FAVOR OF THE APPELLEE/DEFENDANT BECAUSE GENUINE ISSUES OF MATERIAL FACT EXISTED AS TO WHETHER THE MONIES GIVEN TO THE PLAINTIFF/APPELLANTS BY THEIR [SIC] DECEASED PARENTS WERE INTER-VIVOS GIFTS OR ADVANCEMENTS AND NOT LOANS PAYABLE TO THEIR FATHER'S ESTATE
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED BY IMPROPERLY PLACING THE BURDEN ON THE PLAINTIFF/APPELLANTS TO PROVE THAT TRANSACTIONS [SIC] BETWEEN THEM AND THEIR DECEASED PARENTS WAS INTENDED TO BE A GIFT NOT A LOAN WHEN THE LAW OF OHIO PRESUMES THAT SUCH TRANSFERS BETWEEN A [SIC] CHILD AND PARENT ARE [SIC] INTENDED TO BE GIFTS
 {¶ 9} In their first assignment of error, Appellants argue that the probate court erred in granting summary judgment in favor of Debra. An appellate court reviews a grant of summary judgment independently, and without any deference to the trial court. Conley-Slowinski v. SuperiorSpinning Stamping Co. (1998), 128 Ohio App.3d 360, 363,714 N.E.2d 991. The standard of review for a grant of summary judgment is de novo.Hasenfratz v. Warnement 3rd Dist. No. 1-06-03, 2006-Ohio-2797 citingLorain Nat'l. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,572 N.E.2d 198. *Page 5 
 {¶ 10} A grant of summary judgment will be affirmed only when the requirements of Civ.R.56(C) are met. This requires the moving party to establish: (1) that there are no genuine issues of material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his favor. Civ.R.56(C); see Horton v. Harwich Chem. Corp. (1995), 73 Ohio St.3d 679,653 N.E.2d 1196, 1995-Ohio-286, paragraph three of the syllabus. Additionally, Civ.R. 56(C) mandates that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
 {¶ 11} The party moving for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond." Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 116, 526 N.E.2d 798. The moving party also bears the burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the case. Dresher v. Burt (1996),75 Ohio St.3d 280, 292, 662 N.E.2d 264, 1996-Ohio-107. Once the moving party demonstrates that he is entitled to *Page 6 
summary judgment, the burden shifts to the non-moving party to produce evidence on any issue which that party bears the burden of production at trial. See Civ.R.56(E). In ruling on a summary judgment motion, a court is not permitted to weigh evidence or choose among reasonable inferences, rather, the court must evaluate evidence, taking all permissible inferences and resolving questions of credibility in favor of the non-moving party. Jacobs v. Racevskis (1995), 105 Ohio App.3d 1,7, 663 N.E.2d 653.
 {¶ 12} Specifically, Appellants contend that the probate court erred in determining that the monies given to Appellants were loans, not gift or advancements on Appellants' inheritance.
 {¶ 13} First, if these monies are determined to be loans, the money could qualify as a debt due to Michael's estate and could be properly collected by Debra, as Executrix.[2] Lambright v. Lambright (1906),74 Ohio St. 198, 78 N.E. 265. However, should a probate court determine that these monies were gifts, these monies would not need to be paid to the estate.
 {¶ 14} Whether or not these sums are inter vivos gifts is a question of fact. Wheeler v. Martin, 4th Dist. No. 04CA15,2004-Ohio-6936.
 Normally, when a gift is alleged, the burden is on the one claiming the gift to prove it by clear and convincing evidence. In order to establish that an item was received as a gift, actual *Page 7 delivery and an intent to give must be proven by clear and convincing evidence.
 * * *
 However, when it is a family member who claims to be the recipient, the burden is reversed, as there is a rebuttable presumption of a gift. Creed v. Lancaster Bank (1852), 1 Ohio St. 1; In Re Clemens (C.A. 6, 1972) 472 F2d 939.
Havel v. Havel, Dec. 21, 1990, 11th Dist. No. 89-L-14-093.
 {¶ 15} The family gift presumption may be rebutted by "circumstances or evidence going to show a different intention, and each case has to be determined by the reasonable presumptions arising from all the acts and circumstances connected with it[.]" Wertz ex rel. Estate of Jurkoshek v.Tomasik (February 7, 2001), 9th Dist. No. 20209 citingCreed, 1 Ohio St. at 10.
 {¶ 16} Alternatively, these monies could be considered advancements on Appellants' inheritances by the trial court. "An `advancement' is a term well understood in law to mean an irrevocable gift to a child in anticipation of such child's future share of the parent's estate, to be taken into account on distribution of the estate." Albrecht v.Fischer (1921), 14 Ohio App. 195, 198. Thus, an advancement is simply an anticipation of the distribution which the law would make at the death of the donor intestate, permitting an heir to take and enjoy property in advance of the time when he would probably receive the same on final distribution of an estate. Pudlo v. Pudlo, 3rd Dist. No. 5-2000-29, 2001-Ohio-2235. *Page 8 
 {¶ 17} Whether these monies are to be considered loans, gifts or advancements is a question of fact. Here, a brief review of the facts is necessary before addressing the merits of the present appeal.
 {¶ 18} Decedent and his first wife, Judith, had given Appellants various sums of money over the course of their adult lives. Either Michael or Judith kept a loose accounting of these sums, including how much money was given, the intended use of the money, and any sum subsequently repaid. Appellants, Michael, Jeremy, and Pamela had been given $15, 188, $30, 204, and $5, 806 respectively. These sums are the amounts given minus any repayments made to the decedent or his first wife.
 {¶ 19} The probate court, in its Summary Judgment Entry, found that these monies given to Appellants could not be valid inter vivos gifts because Michael did not relinquish ownership, dominion and control of the subject property. Moreover, the probate court found that because there was no language in the Will admitted to probate concerning whether these monies were advancements, these could not be found to be such.
 {¶ 20} Unfortunately, we find that there are a number of material facts, not addressed in the probates court's judgment entry that are unresolved in the record before this Court. *Page 9 
 {¶ 21} First, we note that the writings used to evidence these monies given to Appellants are very informal writings. A record is kept for each Appellant indicating both debts and payments. However, these writings are loosely documented and while some of the entries on these papers contain signatures, others do not. With respect to the document for Pamela Filkins, we note that only one signature is found, occurring at the top of the document, dated 4/2/02 or 4/12/02. With respect to the documents kept for Michael and Jeremy, we note that these documents are not signed at the top or bottom; instead, random signatures or initials appear throughout the document. However, not every entry is initialed or signed.
 {¶ 22} Importantly, although Pamela's signature is dated, with respect to Michael and Jeremy these signed/initialed entries are not dated. Moreover, these entries do not contain any explanation of what these entries signify and why signatures are being attached. An additional problem exists with the dating of these documents because often the entries showing when money was loaned or repaid are not specifically dated.
 {¶ 23} Moreover, these writings do not clearly explain when money was given, or for what it was given; nor do they explain when and why sporadic payments were made. These documents evidence no prescribed payment schedule, nor do they explain any reason why years could pass without a payment. *Page 10 
 {¶ 24} Most notably, these writings make no representation as to whether these monies were to be gifts, loans, or advancements on Appellants' inheritances, nor do they contain any instructions for repayment or settlement upon the death of the parties. As Appellants point out in their Motion in Opposition to Summary Judgment, although Debra argues these writings indicate a loan, they do not contain repayment terms, or any terms of interest. We note, however, that Debra is seeking to collect interest on these loans.
 {¶ 25} Second, we note that each of the Appellants claims that they had multiple conversations with the decedent concerning these loans. Appellants claim that the decedent stated that any repayment obligation would terminate upon his death and the Appellants were then to rectify the amounts each received between the others, so that their overall inheritance would be equal. Each of the Appellants attached an affidavit to their Motion in Opposition to Summary Judgment stating that these monies were gifts that were not to be repaid to the decedent's estate or Debra after decedent's death. Moreover, we note that there is some evidence in Appellants' depositions to indicate that some of these conversations occurred in the presence of Debra.
 {¶ 26} Third, we note that specifically, with respect to the amounts given to Jeremy Schwartz, a gift letter was executed at a bank indicating that part of the *Page 11 
sum Debra argues was owed to the estate was a gift.[3] The bank letter indicates, according to Jeremy, that an $18, 000 sum given to Jeremy for the purchase of a home was "one-time and one-time-only gift, tax-free, nonpayable." (Deposition of Jeremy Schwartz at 10). Although Jeremy indicates that this sum was a gift, he also indicates that he would pay his father back this sum, but that any remaining balance would be forgiven at his father's death. Therefore, there appears to be an issue of material fact, at least concerning the $18, 000 sum given to Jeremy concerning whether or not the sum was intended to be a gift.
 {¶ 27} We note, as well, that similar issues may arise with respect to each of the Appellants. Therefore, it may be beneficial for the trial court to analyze the amounts with respect to each Appellant separately. Moreover, this expressed gift intent with respect to one of the Appellants directly raises a question as to whether other sums given to the Appellants were intended to be gifts, especially considering that the decedent's focus on treating his children equally.
 {¶ 28} Fourth, there seems to be some discrepancy in the amount the estate claims each child owed. At least with respect to the amount owed by Michael J. Schwartz, Debra's Motion for Summary Judgment asks for judgment in the amount of $13, 488. We are unsure at how this number, which differs from the original figure, was arrived at. *Page 12 
 {¶ 29} Fifth, we note that many of these "monetary transactions" appear to have occurred before the death of Judith Schwartz. Nothing was repaid to her estate upon her death. The treatment of these monies upon the death of Judith creates another factual issue to be resolved by the probate court.
 {¶ 30} Finally, in a Last Will and Testament executed on October 10, 2003 by the decedent, Item III provided:
 Except as provided in Item V hereof, all the property, real and personal, of every kind and description, wheresoever situated, which I may own or have the right to dispose of at the time of my decease, I give, devise and bequeath to my children, share and share alike, per stirpes. However, any outstanding loans (whether entered into verbally or in writing) existing between myself and any of my children shall first be deducted from that child's portion of my estate and added to the portion to be divided amongst my remaining children.
 {¶ 31} The October 5, 2005 Last Will and Testament which contained a provision "revoking all wills and codicils by me heretofore made," did not contain any similar provision. However, it is a matter of material fact for the probate court to determine whether the 2003 provision evidences Michael's intent with respect to the loans. The omission of the provision of the 2003 Will specifically dealing with these "loans" from the 2005 Will could be construed at least three possible ways: to show the decedent's changed intent that these loans were due to be repaid at his death, to show decedents intent to convert these "loans" into gifts, or as a *Page 13 
simple omission where the intent expressed in the 2003 Will prevails. Additionally, adding to the issues to be resolved by the probate court, Appellants testify in their depositions that during conversations with the decedent, he did not fully understand the changes in the 2005 Will and still maintained the intent expressed in the 2003 Will.
 {¶ 32} In sum, our review of the record reveals numerous matters that are unresolved which create genuine issues of material fact regarding the circumstances of these monies being given to Appellants. These genuine issues of material fact preclude the granting of summary judgment for either Debra or Appellants. For these reasons, we find that the trial court erred in granting summary judgment in favor of Debra. Accordingly, Appellants' first assignment of error is sustained.
 {¶ 33} Because we are sustaining Appellants' first assignment of error, the judgment of the probate court will be reversed and remanded. Therefore, we do not need to reach Appellants' second assignment of error.
 {¶ 34} Based on the foregoing, the Summary Judgment Entry of the Allen County Court of Common Pleas, Probate Division is reversed and this matter is remanded to the probate court for further proceedings consistent with this opinion.
Judgment reversed and remanded.
 WILLAMOWSKI and ROGERS, JJ., concur.
[1] The record is unclear as to the exact date of the marriage between Debra and Michael. However, given the language of Michael's Last Will and Testament it appears to have occurred sometime before October 5, 2005.
[2] We do not discount the idea that the trial court could find that these monies given to Appellants were actually loans that terminated on decedent's death.
[3] We note that the gift letter was not properly in the record before this court. However, the gift letter was dealt with in some depth in the deposition of Jeremy Schwartz, and would likely be presented should this matter progress to trial. *Page 1