[Cite as *Fulks v. Hollar*, 2016-Ohio-246.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
AUGLAIZE COUNTY

MICHAEL D. FULKS,

     PLAINTIFF-APPELLEE,                CASE NO.  2-15-10

     v.

REGINA A. HOLLAR,                   O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2014-CV-162

Judgment Affirmed

Date of Decision:   January 25, 2016

APPEARANCES:

    *John A. Poppe* for Appellant

**PRESTON, J.**

{¶1} Defendant-appellant, Regina A. Hollar ("Hollar"), appeals the June 3, 2015 judgment of the Auglaize County Court of Common Pleas awarding plaintiff-appellee, Michael D. Fulks ("Fulks"), $5,000.00 as damages for conversion. We affirm.

{¶2} The parties, who were not married, lived together, and, after the relationship ended, disputed the ownership and return of personal property. On August 25, 2014, Fulks filed a "Complaint and Motion for Replevin for Order of Possession" against Hollar alleging that Hollar refused to return Fulks' property. (Doc. No. 1). Fulks sought a number of personal-property items that he claimed were his; relevant to this appeal is what the parties refer to as the "Ashley furniture" and a television. (*Id.*). On September 2, 2014, Fulks filed a motion requesting "permission to perfect and file an Amended Complaint for Replevin * * *, to continue the proceedings * * *, and for an Order restraining the Parties in order to prevent the waste, destruction, sale or gifting of the property in dispute." (Doc. No. 10).

{¶3} On September 3, 2014, the trial court granted Fulks' September 2, 2014 motion. (Doc. No. 13). In particular, the trial court issued a temporary restraining order against Hollar restraining her "from selling, destroying, damaging or otherwise disposing of (by gift or otherwise) any of the property"

identified in Fulks' complaint. (*Id.*). However, to be effective, the trial court ordered Fulks file a $2,000 cash bond with the trial court.[1] (*Id.*).

{¶4} On September 5, 2014, Hollar filed her answer. (Doc. No. 16). That same day, Hollar filed a motion requesting a hearing. (Doc. No. 17).

{¶5} After a pretrial hearing on September 19, 2014, the trial court issued an entry on September 25, 2014 ordering that Hollar permit Fulks to recover the property described in the entry's attachment, a subset of the property claimed by Fulks, which did not include the Ashley furniture or the television, on or before September 28, 2014. (Doc. No. 22).

{¶6} On October 17, 2014, Fulks filed a revision to his list of items that he was seeking to recover. (Doc. No. 24). On October 21, 2014, Fulks filed an amended complaint. (Doc. No. 25). On November 17, 2014, Hollar filed her answer to Fulks' amended complaint. (Doc. No. 26). On February 20, 2015, Fulks filed a motion requesting to dismiss Count One of his complaint— replevin—and proceed to trial on Count Two—conversion. (Doc. No. 32).

{¶7} The case proceeded to a bench trial on May 18, 2015. (May 18, 2015 Tr. at 1). On June 3, 2015, the trial court awarded Fulks $5,000.00 as damages for conversion. (Doc. No. 36). Specifically, the trial court concluded that the Ashley furniture, valued at $10,972.49, was a partial gift and that the portion that was not

---

[1] There is no evidence in the record that Fulks filed the $2,000 bond.

a gift was converted. (*Id.*). As such, the trial court ordered Hollar to pay Fulks $5,357.00 in conversion; however, the trial court reduced that award by $357.00—the amount that the parties agreed that Fulks would pay Hollar as her half of the television—and ordered that Hollar make that television available for Fulks to retrieve. (*Id.*).

{¶8} On June 30, 2015, Hollar filed her notice of appeal.[2] (Doc. No. 39). She raises three assignments of error for our review. For ease of our discussion, we will address them together.

**Assignment of Error No. I**

**The Trial Court Abused It's [sic] Discretion by Dividing the Gifted Items Based Upon Apparent Equalization of the Price of the Gifts.**

**Assignment of Error No. II**

**Appellant's Right to the Ashley Furniture was Gifted to Her Without Reservation.**

**Assignment of Error No. III**

**The Trial Court Limited All Property to be Either "Gifts" or "An Award for Conversion". Yet, Plaintiff's Property was Defined on Exhibit B or Exhibit C.**

---

[2] Fulks failed to file an appellee's brief in this case. "Under those circumstances, App.R. 18(C) provides that we "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." *Prater v. Mullins*, 3d Dist. Auglaize No. 2-13-04, 2013-Ohio-3981, ¶ 4, fn. 1, citing *Heilman v. Heilman*, 3d Dist. Hardin No. 6-12-08, 2012-Ohio-5133, ¶ 16.

{¶9} Although it is unclear, it appears that Hollar is essentially arguing in her assignments of error that the trial court erred by determining that the Ashley furniture, in its entirety, was not a gift. Conversely, it appears that Hollar is arguing that the trial court erred by concluding that she wrongfully converted the portion of the Ashley furniture that the trial court concluded was not a gift.

{¶10} Hollar asserts that we review the trial court's judgment under an abuse-of-discretion standard. That is incorrect. "'When reviewing a civil appeal from a bench trial, we apply a manifest weight standard of review.'" *Lump v. Larson*, 3d Dist. Logan No. 8-14-14, 2015-Ohio-469, ¶ 9, quoting *San Allen, Inc. v. Buehrer*, 8th Dist. Cuyahoga No. 99786, 2014-Ohio-2071, ¶ 89, citing *Revilo Tyluka, L.L.C. v. Simon Roofing & Sheet Metal Corp.*, 193 Ohio App.3d 535, 2011-Ohio-1922, ¶ 5 (8th Dist.). "'[A] civil judgment "supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."'" *Id.*, quoting *Warnecke v. Chaney*, 194 Ohio App.3d 459, 2011-Ohio-3007, ¶ 13 (3d Dist.), quoting *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus.

{¶11} "'"[W]hen reviewing a judgment under a manifest-weight-of-the-evidence standard, a court has an obligation to presume that the findings of the trier of fact are correct."'" *Id.* at ¶ 10, quoting *Warnecke* at ¶ 13, quoting *State v.*

*Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 24. "'The rationale for this presumption is that the trial court is in the best position to evaluate the evidence by viewing witnesses and observing their demeanor, voice inflection, and gestures.'" *Id.*, quoting *Warnecke* at ¶ 13, citing *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984). "'"A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court."'" *Id.*, quoting *Warnecke* at ¶ 13, quoting *Seasons Coal Co.* at 81. "'"A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not."'" *Id.*, quoting *Warnecke* at ¶ 13, quoting *Seasons Coal Co.* at 81.

{¶12} Fulks asserted at trial and in his amended complaint that Hollar converted his property valued at $16,732.49 listed in Exhibits A and B of his amended complaint. However, because Hollar appears to argue only that the trial court erred by concluding that the Ashley furniture, in its entirety, was not a gift, we will address only the issue of the Ashley furniture. The trial court concluded that the Ashley furniture was a partial gift and partially converted, and, after deducting half of the value of the television, awarded Fulks $5,000.00.

{¶13} "Conversion is the '"wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights."'" *Warnecke* at ¶ 15, quoting *State ex*

*rel. Toma v. Corrigan*, 92 Ohio St.3d 589, 592 (2001), quoting *Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96 (1990). "'The elements of conversion are: (1) plaintiff's ownership or right to possession of the property at the time of the conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages." *Miller v. Cass,* 3d Dist. Crawford No. 3-09-15, 2010-Ohio-1930, ¶ 32, quoting *Dice v. White Family Cos., Inc.*, 173 Ohio App.3d 472, 2007-Ohio-5755, ¶ 17 (2d Dist.).

{¶14} "Where conversion is premised on the unlawful retention of property, the plaintiff must establish that '(1) he or she demanded the return of the property from the possessor after the possessor exerted dominion or control over the property, and (2) that the possessor refused to deliver the property to its rightful owner.'" *Dice* at ¶ 17, quoting *Barnes v. First Am. Title Ins. Co.*, N.D.Ohio No. 1:06CV574, 2006 WL 2265553 (Aug. 8, 2006), citing *Tabar v. Charlie's Towing Serv., Inc.*, 97 Ohio App.3d 423, 427-428 (8th Dist.1994). "'The object of the demand and refusal elements are to "turn an otherwise lawful possession into an unlawful one, by reason of a refusal to comply."'" *Semco, Inc. v. Sims Bros.*, 3d Dist. Marion No. 9-12-62, 2013-Ohio-4109, ¶ 33, quoting *RFC Capital Corp. v. EarthLink, Inc.*, 10th Dist. Franklin No. 03AP-735, 2004-Ohio-7046, ¶ 61, quoting *Fidelity & Deposit Co. v. Farmers & Citizens Bank*, 72 Ohio App. 432, 434 (5th Dist.1943).

{¶15} While Fulks argued that Hollar converted the Ashley furniture, Hollar contends that Fulks did not meet his burden of establishing his conversion claim because Hollar asserts that the Ashley furniture was a gift. Evidence that the Ashley furniture was a gift would disprove the alleged conversion; however, "the failure to adequately support the gift theory would support [Fulks'] allegation that [Hollar] wrongfully exerted control over [his] property." *George v. Zink*, 11th Dist. Lake No. 96-L-132, 1997 WL 286204, *2 (May 23, 1997). *See also Proper v. Butcher*, 175 N.E.2d 528, 530 (4th Dist.1960) ("If there was a gift of the property there could be no wrongful conversion.").

{¶16} "An inter vivos gift is an immediate, voluntary, gratuitous and irrevocable transfer of property by a competent donor to another." *Smith v. Shafer*, 89 Ohio App.3d 181, 183 (3d Dist.1993), citing *Saba v. Cleveland Trust Co.*, 23 Ohio App. 163, 165 (8th Dist.1926). "The requisite elements of a valid inter vivos gift include: '(1) intent on the part of the donor to make an immediate gift of particular property to the donee and to part with dominion and control over the subject of the gift; (2) delivery of the subject of the gift; and (3) acceptance of the gift.'" *Wheeler v. Martin*, 4th Dist. Washington No. 04CA15, 2004-Ohio-6936, ¶ 14, quoting *Anderson v. Anderson*, 4th Dist. Hocking No. 91CA1, 1992 WL 174716, *1 (July 7, 1992), citing 52 Ohio Jurisprudence 3d, Gifts, Section 3, at 8-9 (1984).

{¶17} Generally, "[t]he burden of showing that an inter vivos gift was made is on the donee by clear and convincing evidence." *Smith* at 183, citing *In re Fife's Estate*, 164 Ohio St. 449, 456 (1956). *See also George* at *3 (concluding that the purported donee has the burden of establishing the elements of an inter vivos gift to prevent an alleged donor from establishing a prima facie case of conversion.) "'Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations [or issues] sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt * * *.'" *Wheeler* at ¶ 13, quoting *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

{¶18} Because Hollar argues that the trial court erred in concluding that the Ashley furniture, in its entirety, was not a gift, we need only address whether the trial court's judgment that the portion of the Ashley furniture deemed not to be a gift is against the manifest weight of the evidence. Proof that the portion of the Ashley furniture deemed not to be a gift was in fact a gift would negate Fulks' prima facie case of conversion—namely, the ownership element of conversion. Accordingly, we will address only that element of conversion.

{¶19} With regard to the Ashley furniture, Fulks testified that the furniture belongs to him and that it remains in the house that he shared with Hollar. (May

18, 2015 Tr. at 10). According to Fulks, he purchased the Ashley furniture, and he asked Hollar to return his property "several times." (*Id.* at 11, 14-15). In particular, Fulks testified that he purchased the Ashley furniture on February 15, 2013 because "[i]t just happened to be something that [he] wanted to have. [He has] never had new furniture and [he] wanted to go in and buy new furniture and it just happened to be in February. [He] got money out of [his] retirement and [he] wanted to have new furniture." (*Id.* at 15-16). Fulks testified that he borrowed $2,200.00 from his retirement account and put the remaining balance on a credit card. (*Id.* at 16). He testified that he is making payments on the furniture. (*Id.*).

{¶20} On cross-examination, Fulks testified that the Ashley furniture was not a Valentine's Day gift to Hollar. (*Id.* at 32).

{¶21} Hollar testified at trial that she went with Fulks to Ashley furniture on February 13, 2013 to purchase furniture. Specifically, she testified, "We picked out a mattress and a box spring. We picked out the couch and loveseat. That day we picked out a queen size mattress and box spring." (*Id.* at 39). After deciding on that furniture, Hollar testified that they continued to look around the store and that a king-size bed caught her attention. (*Id.*). She testified that Fulks came "over [to where she was admiring the bed] and he asked [her] if [she] liked it, [she] said yes." (*Id.*). According to Hollar, the couple "laid on the bed, checked it out, checked out the nightstands, everything that went with this bed."

(*Id.*). After that, Hollar testified that the couple left the store. (*Id.*). She testified that Fulks called her the next day, Valentine's Day, "from work as he was driving his semi and told [her] to call Ashley's, cancel the queen size mattress and box spring and order the king size and go ahead and order the bed, the whole bedroom set." (*Id.*). According to Hollar, Fulks told her that it was her Valentine's Day gift. (*Id.* at 39, 40, 41). Hollar testified that Fulks wanted to gift her the furniture because he wanted her to have nice furniture because of "how well [she] kept the house." (*Id.* at 41). She testified, "I told [Fulks] on the phone that I did not need to have it, it was nice, I did not need to have it. And he kept on and kept on, it was my Valentine's gift." (*Id.*). She further testified that she called Ashley furniture to change their order and the couple returned to the store on February 15, 2013 "and finalized everything, the whole package. We got the dining room table, everything was finalized that day." (*Id.* at 39).

{¶22} The trial court's conclusion that the Ashley furniture was not a gift, in its entirety, is not against the manifest weight of the evidence because Hollar failed to establish that Fulks gifted Hollar the furniture in its entirety. The record reflects that the couple picked out items of furniture on February 13 at Ashley furniture; that Fulks called Hollar the next day, Valentine's Day, and told her to cancel the bed that they originally picked out and to order the king-size bedroom set that she was admiring in the store because he wanted her to have it as a gift for

-11-

Valentine's Day for her good housekeeping; that she accepted Fulks' gift by calling Ashley furniture and changing the order; that the couple finalized the purchase on February 15; and that the furniture was delivered to their home thereafter. The existence of an inter vivos gift is ordinarily a question of fact, and the trial court is in the best position to evaluate the veracity of the testimony. *Wheeler*, 2004-Ohio-6936, at ¶ 16, citing *Leon v. Caroselli*, 1st Dist. Hamilton Nos. C-960364 and C-960612, 1997 WL 266761, *2 (May 21, 1997), citing 52 Ohio Jurisprudence 3d, Gifts, Section 50 (1984, Supp.1996); *Lump*, 2015-Ohio-469, at ¶ 9. Thus, even though Fulks testified that the furniture was not a gift, Hollar's testimony showed by clear and convincing evidence that Fulks intended to immediately gift at least a portion of the Ashley furniture to Hollar and that Fulks intended to part with dominion and control over that portion of the furniture; that the furniture was delivered to her; and that she accepted the furniture as a gift.

{¶23} Nonetheless, Hollar failed to establish that the remaining portion of the Ashley furniture was a gift. Accordingly, Hollar cannot negate the ownership element of Fulks' conversion claim for the remaining portion of the furniture that was not a gift. Instead, Hollar's failure to adequately support her gift theory supports Fulks' conversion claim for that portion of the furniture. *See George*, 1997 WL 286204, at *2. Indeed, the trial court's conclusion that Fulks owned the remaining portion of the Ashley furniture at the time Hollar converted it is

-12-

supported by some competent, credible evidence. The record reflects that Fulks purchased the furniture, had it delivered to the home that he shared with Hollar, and intended for the couple to use the furniture. Those facts also demonstrate that Hollar initially lawfully possessed that portion of the Ashley furniture. However, Hollar's possession of that portion of the furniture became unlawful when Fulks demanded Hollar to return the Ashley furniture. The record suggests that Hollar refused to deliver the Ashley furniture to Fulks because Fulks filed the underlying complaint seeking damages for Hollar's conversion of the furniture, and because Hollar denied that she wrongfully converted the Ashley furniture by claiming that the furniture, in its entirety, was a gift. Therefore, the trial court's conclusion that Hollar wrongfully converted the portion of the Ashley furniture that was not a gift is not against the manifest weight of the evidence. *See R&S Distrib., Inc. v. Hartge Smith Nonwovens, LLC*, 1st Dist. Hamilton No. C-090100, 2010-Ohio-3992, ¶ 32 (concluding that there was "ample" competent, credible evidence that the trial court "could have concluded that [the plaintiff] actually and substantially interfered with [the defendant's] rightful possession of the [property]").

{¶24} Hollar further argues that the trial court "arbitrarily" determined the value of the Ashley furniture to be $10,972.49, and that "[t]here is no rationale included within the Court's order that give [sic] any explanation for [Hollar] to pay [Fulks] $5,000.00 plus interest. In fact, there is nothing in the order that

identifies what things were converted." (Appellant's Brief at 7). Stated differently, Hollar is essentially arguing that the trial court erred by failing to provide its findings of fact and conclusions of law, and that the trial court erred in determining the value of the Ashley furniture. Hollar's arguments are meritless.

**{¶25}** Civ.R. 52 provides, in relevant part:

When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ. R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the findings of fact found separately from the conclusions of law.

**{¶26}** Hollar failed to request from the trial court findings of fact and conclusions of law. Therefore, Hollar waived her arguments regarding the trial court's conclusion as to what property was converted, and its conclusion as to the amount Hollar owes Fulks in conversion. *See Tretola v. Tretola*, 3d Dist. Logan No. 8-14-12, 2014-Ohio-5484, ¶ 80, citing *Cichanowicz v. Cichanowicz*, 3d Dist. Crawford No. 3-13-05, 2013-Ohio-5657, ¶ 79. Furthermore, Hollar conceded at trial that the Ashley furniture was valued at $10,972.49. (May 18, 2015 Tr. at 6).

-14-

{¶27} Hollar's assignments of error are overruled.

{¶28} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, J., concurs.**

**ROGERS, J., concurs in Judgment Only.**

**/jlr**